

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN —
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

Opinion No. O-5516
Re: May a trustee of an Independent and Common School District hire a supervisor for National Defense, War Production Course, who is related to him within the second degree by affinity or within the third degree by consanguinity?

This will acknowledge receipt of your letter of August 3, 1943, requesting the opinion of this department on the above stated question. Your letter reads in part as follows:

"Under the O. S. Y. (National Defense, War Production Course) school boards of Independent and Common Districts, employ supervisors. The supervisors are paid out of Federal Funds, but they are hired and fired by the Local Trustees and their pay check needs to be signed by the local trustees.

"Under that plan, may a trustee hire a person who is related to him within the second degree by affinity or within the third degree by consanguinity?"

Article 432 of the Penal Code provides:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of

Honorable M. F. Kieke, Page 2.

any court, created by or under authority of any
general or special law of this State, or any mem-
ber of the Legislature, shall appoint, or vote for,
or confirm the appointment to any office, position,
clerkship, employment or duty, of any person re-
lated within the second degree by affinity or with-
in the third degree by consanguinity to the person
so appointing or so voting, or to any other member
of any such board, the Legislature, or court of which
such person so appointing or voting may be a member,
when the salary, fees, or compensation of such ap-
pointee is to be paid for, directly or indirectly,
out of or from public funds or fees of office of any
kind or character whatsoever."

Article 433 of the Penal Code in enumerating the
officers to whom the inhibitions of this law apply specifical-
ly mentions members of school boards and school trustees. It
thus follows that a school trustee cannot appoint, or vote for,
or confirm the appointment of any person who is related to him
or any other member of the board within the stipulated degrees
of relationship when the compensation of such appointee is to
be paid from public funds. According to the information in
your request, the supervisor for the National Defense, War
Production Course is hired and fired by the local trustees.
We believe this clearly comes within the purview of "appoint,
or vote for, or confirm the appointment" of any person as
set forth in Article 432, supra.

The fact the compensation to be paid such appointee
is from federal funds does not remove the appointment from the
scope of Article 432, supra. We quote from 42 Am. Jr. P. 718
as follows:

"Public funds are moneys belonging to the
United States or a corporate agency of the Fed-
eral Government, a state or subdivision thereof,
or a municipal corporation ---"

Our Nepotism Statute speaks of public funds of any kind and
character whatsoever. This in our opinion includes federal
funds.

590

Honorable M. F. Kieke, Page 3.

It is therefore the opinion of this department
that your question be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Fred C. Chandler_

Fred C. Chandler
Assistant

APPROVED AUG 23, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

By _Robert O. Koch_

Robert O. Koch

ROK:pm

APPROVED
OPINION
COMMITTEE
BY _CWS_
CHAIRMAN